■ In the Matter of ROOSEVELT TAXI, INC., Petitioner, v. COMMISSIONER OF PUBLIC SAFETY OF THE CITY OF YONKERS, Respondent.— Petition granted to the extent that the determination of respondent, dated March 18, 1966, is annulled and respondent is directed to approve petitioner's application for transfer to it of the taxicab license and medallion in suit; and proceeding otherwise dismissed, without costs. In our opinion, substantial proof to warrant denial of the transfer is lacking. Ughetta, Brennan and Hopkins, JJ., concur; Beldock, P. J., and Benjamin, J., concur in the limited dismissal of the proceeding, but otherwise dissent and vote to confirm respondent's determination, with the following memorandum by Beldock, P. J., in which Benjamin, J., concurs: The principal issue in this proceeding is whether there is substantial evidence to support respondent Commissioner's determination, which denied petitioner's application for approval of a transfer of a taxicab license and medallion to petitioner. The record discloses that petitioner's president permitted his brother, who had a criminal record, to frequent his taxi office (petitioner's president operated a taxi service under his own name) and at times to answer telephones and dispatch taxicabs. The basis of the denial of the application was the character of the brother, whom the Commissioner found to have participated in the operation of a taxi business by petitioner's president. It is well settled that a licensing officer's "exercise of discretion in refusing to grant a license, if not otherwise arbitrary or capricious, may be interfered with by the courts 'only when it is clearly shown that refusal is based solely upon grounds which as matter of law may not control [his] discretion'" (*Matter of Barton Trucking Corp.* v. *O'Connell*, 7 N Y 2d 299, 308). It is not the function of the court to substitute its judgment for that of the licensing officer, where the administrative determination finds support in the record, has a reasonable basis in law and is neither arbitrary nor capricious. In my opinion, the Commissioner was clearly entitled to give consideration to the fact that a known criminal was permitted to participate

in the operation of a most sensitive area of public service. I cannot say that there was no rational basis for the conclusion by the Commissioner and, accordingly, I would confirm his determination.